FILED
2011 Oct-31  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CRISTY BRADLEY, an individual,** | )<br>) |
| PLAINTIFF, | )<br>) |
| v. | )   **CIVIL ACTION NUMBER**<br>)   _____ |
| **EAGLE RECOVERY SERVICES, LLC, and HAL JORDAN, an individual,** | )<br>)<br>) |
| There may be other entities whose true names and identities are unknown to the plaintiff at this time, who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the plaintiff will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations or associations. The symbol by which these fictitious party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity". In the present action, the party Defendants which the plaintiff must include by descriptive characterization are as follows:<br><br>DEFENDANTS A, B and C, the correct designation of the individual, corporation or legal entity known as EAGLE RECOVERY SERVICES, LLC;<br>DEFENDANTS D, E, F that person or legal entity who owns, possesses, utilizes, incorporates, leases or otherwise uses the following phone numbers: (951) 547-3693, et seq.<br>DEFENDANTS G, H and I, that person or entity which employs, or uses as agents, the people who own, possess, utilize, incorporate, lease or otherwise uses the following phone numbers in | )   **JURY TRIAL DEMANDED** |

| | |
|---|---|
| their employment: (951) 547-3693, et seq.; | ) |
| DEFENDANTS J, K and L, that person or entity | ) |
| responsible for training the people who own, | ) |
| possess, utilize, incorporate, lease or otherwise | ) |
| use the following phone numbers in their | ) |
| employment: (951) 547-3693, et seq.; | ) |
| DEFENDANTS M, N and O, that person or | ) |
| entity on whose behalf the following numbers | ) |
| are used in the regular course of business: | ) |
| (951) 547-3693, et seq.; | ) |
| DEFENDANTS P, Q and R, that person or | ) |
| entity which contacted CRISTY BRADLEY | ) |
| and owns, possesses, utilizes, incorporates, leases | ) |
| or otherwise uses the following phone numbers: | ) |
| (951) 547-3693; | ) |
| DEFENDANTS R, S and T, that person or | ) |
| entity which is the successor in interest to | ) |
| EAGLE RECOVERY SERVICES, LLC; | ) |
| DEFENDANTS U, V and W, that person or | ) |
| entity who authorized EAGLE RECOVERY | ) |
| SERVICES, LLC to contact CRISTY | ) |
| BRADLEY; | ) |
| DEFENDANTS X, Y and Z, those persons | ) |
| employed by EAGLE RECOVERY SERVICES | ) |
| or a fictitious party Defendant who made | ) |
| collection calls to CRISTY BRADLEY; | ) |
| DEFENDANTS AA, BB and CC, those persons | ) |
| who issued debt collection letters to CRISTY | ) |
| BRADLEY; | ) |
| DEFENDANTS DD, EE and FF, that person or | ) |
| entity which authorized, employed, or | ) |
| consented to the contact of CRISTY | ) |
| BRADLEY; | ) |
| DEFENDANTS GG, HH AND II, those | ) |
| companies or individuals which assigned | ) |
| collection of CRISTY BRADLEY'S alleged | ) |
| consumer debt to EAGLE RECOVERY | ) |
| SERVICES, LLC; | ) |
| | ) |
| | ) |
| These fictitious parties' true and correct names | ) |
| are otherwise unknown at this time, but will be | ) |
| added by amendment when ascertained; | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, CRISTY BRADLEY, as an individual, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices.  Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.   Venue is proper in that the Defendants transacted business here, and the Plaintiff resides within the Northern District of Alabama.

### PARTIES

1. The Plaintiff, CRISTY BRADLEY, ("Plaintiff" or "Ms. Bradley") is a resident and citizen of the state of Alabama, Madison County, and is over the age of nineteen (19) years.  She is a "consumer" as defined by 15 U.S.C. §1692a(3).

2. The Defendant, EAGLE RECOVERY SERVICES, LLC ("Defendant" or "ERS") is, upon information and belief, incorporated in the state of California with corporate offices in Corona, CA.  The Defendant was, in all respects and at all times relevant herein, doing business in the state of Alabama and in Madison county.  The Defendant is engaged in the business of collecting consumer debts from consumers residing in Madison County, Alabama and is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3. The Defendant, HAL JORDAN, is an individual who, based upon information and belief, resides in or near Corona, CA and was employed by Defendant ERS at the time of the incidents giving rise to the Plaintiff's Complaint.

### FACTUAL ALLEGATIONS

4. Beginning in or around October 20, 2010 the Defendants began a campaign of harassment against the Plaintiff in an attempt to collect on a debt.

5. The debt which the Defendants sought to collect resulted from a $200 payday loan obtained by the Plaintiff.  This debt was incurred for strictly personal uses and is

3

"consumer debt" as defined by 15 U.S.C. § 1692a(5).

6. Beginning or about October 20, 2010, a man who identified himself as "Hal Jordan" began contacting the Plaintiff regarding a payday loan.

7. When asked for identification, "Hal Jordan" consistently refused to disclose his own name or the name of his employer. The majority of phone calls were made from a blocked number. Those calls which were not blocked were made from (951) 547-3693.

8. The telephone number (951) 547-3693 is registered to Eagle Recovery Services, LLC.

9. During his phone calls to the Plaintiff, "Hal Jordan" refused to identify himself or his place of employment and asked about location information regarding the Plaintiff. When the Plaintiff insisted no location information would be confirmed until the caller identified themselves, the caller gave the name "Hal Jordan".

10. The Plaintiff confirmed her place of employment and instructed Defendant Jordan not to contact her at work. The Defendant continued to call the Plaintiff at her place of employment at least 1-2 times per day, with the intent to harass the Plaintiff into paying a debt.

11. On or about October 28, 2010, Defendant Jordan contacted the Plaintiff at her place of employment, despite having been instructed otherwise, and demanded she confirm her location information. Defendant Jordan told the Plaintiff "he did not believe her" and demanded to speak with her supervisor. The Plaintiff refused. At that point Defendant Jordan told the Plaintiff that if she did not cooperate "a warrant would be issued and she had 5 days to pay $150".

12. The Plaintiff became extremely upset and requested that Defendant Jordan contact her bankruptcy attorney, providing the attorney's name and phone number. Defendant Jordan refused to call the attorney.

13. On or about October 29, 2010, Defendant Jordan again called the Plaintiff at her place of employment and asked to speak with the Plaintiff's supervisor. Defendant Jordan spoke with the Defendant's supervisor and confirmed location information for the Plaintiff. Defendant Jordan then began to ask personal questions about the Plaintiff. Ms. Bradley's supervisor refused to answer these personal questions until Mr. Jordan identified himself and his reason for calling. Defendant Jordan then told the supervisor that "Ms. Bradley had committed internet fraud and could be arrested for her actions".

14. During the calls made to Ms. Bradley, Defendant Jordan repeatedly told the Plaintiff that she had broken criminal laws and would be arrested if she did not pay. He made other slanderous, rude and condescending remarks during each of

4

his phone calls.

15. The Defendants failed to provide verification of the debt to the Plaintiff, despite being asked on countless occasions. The Defendants have also failed to respond to requests for verification from Plaintiff's counsel.

16. As a result of the acts alleged above, Plaintiff suffered anxiety, embarrassment, humility, despair, sleeplessness, and other mental anguish.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

17. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

18. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

19. The Defendants violated § 1692(b)(1)(2) and (3) by intentionally communicating information concerning the alleged debt owed to third parties including the Plaintiff's employer, Pat Barraza.

20. The Defendants violated § 1692c(2) by contacting a consumer which they knew was represented by an attorney.

21. The Defendants violated § 1692d by engaging in conduct which was designed to harass, oppress and abuse the Plaintiff. This conduct includes but is not limited to the use of obscene and profane language, the use of threats of criminal prosecution, placing calls without identifying the caller, placing calls using false names, and causing the telephone to ring repeatedly with the sole intent to annoy and harass the Plaintiff.

22. The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e (2), (3), (4), (5), (7), (8), (10), (11), (12), (13), and (14). Specifically, the Defendants threatened the Plaintiff with criminal charges, threats to take action that was not legally possible, misstated the amount of the debt, and committed extortion.

23. The Defendants violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt. Said conduct includes but is not limited to threatening the Plaintiff with criminal charges, threatening to take action that was not legally possible, misstating the amount of the debt, and extortion.

24. The Defendants violated § 1692g(a) by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiff. The Defendants further violated § 1692(g) by failing to advise the Plaintiff she had 30 days in which to dispute this debt, and by failing to advise the Plaintiff that she could request a verification of the alleged debt in writing.

25. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, humility, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA;

B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C. Actual damages for the Defendants' violations of the FDCPA;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. Such other and further relief that this Court deems necessary, just and proper.

## COUNT TWO:
## NEGLIGENT TRAINING AND SUPERVISION

26. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

27. The Defendants knew or should have known the legal status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

28. The Defendants knew or should have known that said conduct was improper.

29. Defendants negligently failed to train and supervise collectors in order to prevent said improper conduct.

30. Defendants negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

31. The Defendants negligently failed to supervise collectors to ensure that violations of the FDCPA were not occurring during collection calls.

32. The Defendants negligently failed to supervise collectors to ensure that correspondence sent to the Plaintiff complied with the FDCPA.

33. As a result of the Defendants' negligence, the Plaintiff suffered embarrassment, sleeplessness, worry, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

   A. Declaratory judgment that the Defendants' conduct violated the FDCPA;

   B. Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

   C. Actual damages for the Defendants' violations of the FDCPA;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   E. Compensatory and punitive damages against Defendants on Plaintiff' state law claims for damages due to the Defendants' negligent training and supervision, and

   F. Such other and further relief that this Court deems necessary, just and proper.

### COUNT THREE:
### RECKLESS AND WANTON TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

36. The Defendants knew or should have known that the said conduct was improper and illegal.

37. Defendants recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

38. Defendants willfully failed to monitor collectors in order to ensure the FDCPA was not being violated.

39. Defendants recklessly and wantonly failed to train and supervise its collectors on

    the FDCPA as it relates to communications with consumers and third parties.

40. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered fear, worry, anxiety, nervousness, humility, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

    A.    Declaratory judgment that the Defendants' conduct violated the FDCPA;

    B.    Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

    C.    Actual damages for the Defendants' violations of the FDCPA;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.    Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Defendants' reckless and wanton training and supervision; and

    F.    Such other and further relief that this Court deems necessary, just and proper.

## COUNT FOUR:
## INVASION OF THE RIGHT OF PRIVACY

41. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

42. The Defendants undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

43. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of the Defendants.

44. Said communications constitute the wrongful intrusion into the Plaintiff's solitude and seclusion.

45. As a proximate consequence of said invasion of the right of privacy, the Defendants caused the Plaintiff to suffer embarrassment, worry, humiliation,

anxiety, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

- A.   Declaratory judgment that the Defendants' conduct violated the FDCPA;

- B.   Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

- C.   Actual damages for the Defendants' violations of the FDCPA;

- D.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

- E.   Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Defendants' invasion of the Plaintiff's privacy; and

- F.   Such other and further relief that this Court deems necessary, just and proper.

### COUNT FIVE: RESPONDEAT SUPERIOR

46. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

47. At the time of the acts complained herein, Defendant "Hal Jordan" and other fictitious defendants were employees of Defendant Eagle Recovery Services, LLC.

48. During the ordinary course of business, this Defendant and other Fictitious Defendants engaged in collection activity in violation of the FDCPA and Alabama state law.

49. The violations of the FDCPA and Alabama state law committed by this Defendant and other Fictitious Defendants served the interest and purposes of Defendant ERS.

50. Defendant ERS is liable for the actions of its employees under the theory of *respondeat superior*.

51. As a proximate consequence of said invasion of said violations of the FDCPA and Alabama state law, the Defendants have caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA and state common law claims;

B. Statutory damages pursuant to 15 U.S.C. § 1692k (FDCPA);

C. Actual damages for the Defendants' violations of the FDCPA;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Defendants' violations of state law claims; and

F. Such other and further relief that this Court deems necessary, just and proper.

## COUNT SIX:
## FICTITIOUS PARTY DEFENDANTSS

52. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

53. There may be other entities whose true names and identities are unknown to the plaintiff at this time, who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the plaintiffs will designate these parties in accordance with ARCP 9(h).

54. The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations or associations. The symbol by which these fictitious party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one "entity".

55. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANTS A, B and C, the correct designation of the individual, corporation or legal entity known as EAGLE RECOVERY SERVICES, LLC;

DEFENDANTS D, E, F that person or legal entity who owns, possesses, utilizes, incorporates, leases or otherwise uses the following or similar phone numbers: (951) 547-3693, et seq.;

DEFENDANTS G, H and I, that person or entity which employs, or uses as agents, the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (951) 547-3693;

DEFENDANTS J, K and L, that person or entity responsible for training the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (951) 547-3693;

DEFENDANTS M, N and O, that person or entity on whose behalf the following numbers are used in the regular course of business: (951) 547-3693;

DEFENDANTS P, Q and R, that person or entity which contacted CRISTY BRADLEY and owns, possesses, utilizes, incorporates, leases or otherwise uses the following phone numbers: (951) 547-3693;

DEFENDANTS R, S and T, that person or entity which is the successor in interest to EAGLE RECOVERY SERVICES, LLC;

DEFENDANTS U, V and W, that person or entity who authorized EAGLE RECOVERY SERVICES, LLC to contact CRISTY BRADLEY;

DEFENDANTS X, Y and Z, those persons employed by EAGLE RECOVERY SERVICES, LLC or a fictitious party Defendants who made collection calls to CRISTY BRADLEY;

DEFENDANTS AA, BB and CC, those persons who issued debt collection letters to CRISTY BRADLEY;

DEFENDANTS DD, EE and FF, that person or entity which authorized, employed, or consented to the contact of CRISTY BRADLEY;

DEFENDANTS GG, HH AND II, those companies or individuals which assigned collection of CRISTY BRADLEY'S alleged consumer debt to EAGLE RECOVERY SERVICES, LLC;

56. These fictitious parties' true and correct names are otherwise unknown at this time, but will be added by amendment when ascertained.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

                                                  _____
                                                  Leah Fuller Wolford
                                                  Attorney for Plaintiff

**OF COUNSEL:**
Fuller Law Firm, LLC
P.O. Box 101883
Birmingham, AL 35210
Tel. (205) 834-8913
Fax (205) 834-8924
lfuller@fullerfirm.com

**PLAINTIFF REQUESTS THAT DEFENDANTS BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO THE FOLLOWING ADDRESS:**

Eagle Recovery Services, LLC
4740 Green River Road # 117F
Corona, CA 92880

Hal Jordan
c/o ERS
4740 Green River Road # 117F
Corona, CA 92880